Opinion issued May 13, 2004












In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-01192-CR
____________

DONALD THOMPSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 33,580-A (Count No. 2)




MEMORANDUM OPINION
          A jury found appellant, Donald Thompson, guilty of aggravated kidnapping
and assessed his punishment at 20 years in prison and a $10,000 fine. See Tex. Pen.
Code Ann. §§ 12.32, 20.04(b) (Vernon 2003). Finding the evidence factually
sufficient to support appellant’s conviction, we affirm.
Background
          The incident started one morning when the complainant, Ivan Floyd, who was
also a barber, brought a customer known as “Flip” to the apartment of Jason Jarrett,
a drug dealer, to buy codeine syrup. Flip ran off with the syrup without paying and
could not be found despite a search. Floyd then went home. Having come to suspect
Floyd of participating with Flip in the theft, Jarrett, appellant, and some other
individuals brought Floyd back to Jarrett’s apartment later that day under the pretense
of taking him to cut someone’s hair. Jarrett, appellant, and Floyd, entered Jarrett’s
apartment, in which other individuals were present. Floyd was restrained for hours
in the apartment, hit and kicked repeatedly, threatened with firearms and with torture,
blindfolded, driven to a remote place in the trunk or back of a car, and shot three
times.
          Floyd testified that appellant bound his hands and feet; duct-taped him to a
chair; discussed torture in a phone call made in Floyd’s hearing; kicked Floyd
repeatedly; and untaped Floyd’s feet so that Floyd could be moved to the car’s trunk. 
After being blindfolded, Floyd recognized appellant’s voice twice: right after Floyd
was placed in the trunk and also when appellant ordered him out of the trunk just
before the shooting. Floyd also testified that appellant and others had earlier that day
retrieved guns from another location before looking for Flip.
          Appellant testified that he did not participate in the offense in any way; that he
had not participated in getting guns that morning, did not have a gun, and did not
know that a shotgun was in Jarrett’s apartment; that he tried to leave the apartment
while others were attacking Floyd, but was not allowed to; that he refused to
accompany the others when they drove Floyd away and instead followed them in
another car; and that he confronted Jarrett later about the shooting.
            Appellant was charged in a three-count indictment with attempted capital
murder, aggravated kidnapping, and engaging in organized criminal activity. The
jury was charged on those offenses and on the lesser-included offense of kidnapping. 
The jury found appellant guilty only of aggravated kidnapping. The Court of
Criminal Appeals granted appellant an out-of-time appeal.
Sufficiency of the Evidence
          In his sole point of error, appellant claims that the evidence was factually
insufficient to support his conviction because
the weight of the credible evidence supported Appellant’s version of the
facts. Ivan Floyd was in some confusion after the shooting and was
unfamiliar with some of the people who were involved. He had
admittedly gone to Jason Jarrett’s apartment to buy drugs. Floyd had
been charged with driving while license suspended and those charges
had gone away after he agreed to testify. He was simply not a credible
witness. Appellant’s testimony was consistent with his earlier
statement.

          When determining the factual sufficiency of the evidence, we review all of the
evidence neutrally. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The
Court of Criminal Appeals has recently stated the standard as follows:
There is only one question to be answered in a factual-sufficiency
review: Considering all of the evidence in a neutral light, was a jury
rationally justified in finding guilt beyond a reasonable doubt? 
However, there are two ways in which the evidence may be insufficient. 
First, when considered by itself, evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt. 
Second, there may be both evidence supporting the verdict and evidence
contrary to the verdict. Weighing all evidence under this balancing
scale, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so [that] the guilty
verdict should not stand. This standard acknowledges that evidence of
guilt can “preponderate” in favor of conviction but still be insufficient
to prove the elements of the crime beyond a reasonable doubt. Stated
another way, evidence supporting guilt can “outweigh” the contrary
proof and still be factually insufficient under a beyond-a-reasonable-doubt standard.

Zuniga v. State, No. 539-02, slip op. at 8 (Tex. Crim. App. Apr. 21, 2004). “Under
both [a] legal and factual sufficiency [review], the jury is the exclusive judge of the
facts, the credibility of the witnesses, and the weight to be given to the witnesses’
testimony.” Jaggers v. State, 125 S.W.3d 661, 672 (Tex. App.—Houston [1st Dist.]
2003, pet. ref’d). The jury could have believed all, some, or none of any witness’s
testimony. See Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 
          Under the charge given, appellant committed aggravated kidnapping if he
intentionally or knowingly abducted Floyd and used or exhibited a deadly weapon
during the commission of the offense. See Tex. Pen. Code Ann. § 20.04(b). The
jury was also charged on the law of parties.
          The jury was entitled to believe Floyd instead of appellant, regardless of
whether Floyd demonstrated any confusion after the shooting or did not know some
of his attackers. See Jaggers, 125 S.W.3d at 672. A victim’s not knowing every
attacker’s identity does not necessarily render the victim’s story incredible or
preclude the jury from believing it. Moreover, Floyd positively identified appellant
at trial as one of his attackers and testified that he had recognized appellant’s voice
while Floyd was being put into and taken out of the trunk.
          Additionally, Floyd’s admitted involvement in Flip’s drug purchase did not
preclude the jury from nonetheless believing Floyd’s testimony concerning the
elements of the offense. Defense counsel did thoroughly impeach Floyd by high-lighting numerous inconsistencies in Floyd’s trial testimony and in his prior
statements. However, appellant’s testimony was not without its own inconsistencies.


 
And the jury also heard evidence that appellant had belonged, at least at some prior
time, to a gang that regularly committed crimes ranging from trespass to narcotics
crimes and murder. 
          Finally, appellant is incorrect that charges against Floyd of driving while his
license was suspended “went away” after Floyd agreed to testify. According to
Floyd’s testimony, he had twice been charged with driving while his license was
suspended and had served out a 15-day sentence for one of the offenses. The
prosecution of the second offense was apparently still pending. For this reason, Floyd
was granted use immunity in exchange for his testimony in appellant’s case. In any
event, it was the jury’s prerogative to determine what effect, if any, Floyd’s charges
or convictions would have on his credibility.
 
          Simply put, Floyd’s and appellant’s inconsistencies and credibility were for the
jury to sort out. See Jaggers, 125 S.W.3d at 672. We thus overrule appellant’s sole
point of error and affirm the judgment of the trial court.
 


                                                                        Tim Taft
                                                                        Justice
 
Panel consists of Justices Taft, Hanks, and Higley.
Do not publish. See Tex. R. App. P. 47.2(b).